25-cv-4093

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION**

**STEVEN JON ESSELINK**, Plaintiff,

vs.

**MINNEHAHA COUNTY, CHRISTOPHER MILES**, and **JANE DOE, CLERK OF THE SOUTH DAKOTA SUPREME COURT**, Defendants.

**Case No. [To be assigned]**
**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

I. Introduction

- Plaintiff Steven Jon Esselink, pro se, files this action under 42 U.S.C. § 1983 against Defendants Minnehaha County, Christopher Miles, and Jane Doe, Clerk of the South Dakota Supreme Court, for violations of his constitutional rights arising from his criminal case (49CRI24-7998) and appeal (Supreme Court No. 31045).

II. Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Venue is proper as the events occurred in Minnehaha County, within this district.

III. Parties

3. Plaintiff Steven Jon Esselink resides at 405 S Main Ave, Hills, MN 56138, was incarcerated until May 22, 2025, and is on probation.

4. Defendant Minnehaha County is a municipal entity responsible for the jail and court services.

5. Defendant Christopher Miles is an attorney in Sioux Falls, SD (515 N Main Ave, Sioux Falls, SD 57104), who represented Plaintiff on appeal, acting under color of state law as court-appointed counsel.

6. Defendant Jane Doe, Clerk of the South Dakota Supreme Court, is a state official at 500 E Capitol Ave, Pierre, SD 57501, sued in her individual capacity for actions of her office.

IV. Factual Allegations

7. On March 24, 2025, Plaintiff was sentenced to 120 days (60 days in jail, 60 days on EM) for DWI 3rd offense involving drug use (Sentencing Transcript, Exhibit A, Page 16, Lines 5–10). Minnehaha County miscalculated the sentence, refusing to credit time served, resulting in 31 days of unlawful incarceration (April 21–May 22, 2025).

8. Minnehaha County also unlawfully detained Plaintiff for 12 hours on a medical marijuana violation, despite his valid medical marijuana card, violating due process.

9. In April 2025, Defendant Miles, as court-appointed appeal counsel, engaged in misconduct that violated Plaintiff's constitutional rights:

a. On April 4, 2025, during a recorded meeting with Plaintiff and Jamie Leechelle Metcalfe, Miles

falsely stated Plaintiff could not pursue an appeal, claiming he had to turn himself in before filing for habeas corpus, misrepresenting SDCL 21-27-16.1 and ignoring the requirement to exhaust state remedies under 28 U.S.C. § 2254(b)(1)(A) (Exhibit E).

b. In the same meeting, he misled Plaintiff by downplaying the appeal's merits, stating "there's nothing I can do," discouraging him from pursuing it despite clear issues like prior counsel's misconduct and potential judicial bias, even after Jamie asked if he could file a Motion to Withdraw Guilty Plea (Exhibit E).

c. He compared Plaintiff's case to a basketball "no call," mocking his concerns as a former college athlete and coach, undermining his appeal rights, and causing emotional distress (Exhibit E).

d. He failed to review critical case details, such as prior counsel's misrepresentations (e.g., EM availability, PSIR waiver), missing opportunities to strengthen the appeal.

e. He neglected to investigate Judge Susan Sabers' potential bias, despite Plaintiff's concerns, which could have supported the appeal and Motion for Judicial Recusal filed by Jamie on April 10, 2025.

f. He refused to assist with the appeal, forcing Jamie to file the Notice of Appeal on April 7, 2025, to preserve Plaintiff's rights within the 30-day appeal deadline (April 23, 2025, per SDCL 15-26A-6), after prior counsel Ryan Kolbeck (released March 31, 2025) and Miles failed to act. Jamie also filed a Motion to Withdraw Guilty Plea and a Motion to Remove Counsel targeting Miles on the same day, as the deadline loomed and Miles offered no support.

g. On April 12, 2025, Miles drafted a motion for Plaintiff to sign, attempting to dismiss the appeal without Plaintiff's informed consent, alleging no circuit court jurisdiction (contrary to SDCL 15-26A-3) and falsely claiming the appeal was filed prematurely (Exhibit B). The motion included a Statement of Informed Consent claiming Plaintiff voluntarily consented, which Plaintiff did not sign, as he did not agree to dismiss the appeal. This ignored Jamie's prior suggestion to file for withdrawal, which Miles had dismissed, and misrepresented the legal effect of the timely appeal filing, further prejudicing the case.

10. Miles' actions directly contributed to Plaintiff's 31-day unlawful incarceration, as his inaction, misrepresentations, and coercive attempt to dismiss the appeal prevented a timely appeal that could have corrected Minnehaha County's sentencing error, causing significant emotional distress (Exhibit C).

11. On May 22, 2025, the Supreme Court responded to four motions, including Plaintiff's Motion for Stay of Execution (No. 31045). The Clerk failed to deliver the stay response, despite claiming on May 28, 2025, to have mailed it to Plaintiff's home and the jail. On May 30, 2025, she admitted awareness of Plaintiff's release ("So you're out, huh?") and claimed she'd resend it, displaying deliberate indifference.

12. Throughout April and May 2025, Supreme Court clerks were consistently rude when Jamie Leechelle Metcalfe delivered filings on Plaintiff's behalf, despite knowing her role from prior

filings, including the Notice of Appeal (April 7, 2025) signed by Plaintiff. On a recent visit, accompanied by a guard, Jamie attempted to file a Motion to Recognize her as Plaintiff's advocate, as Plaintiff had not yet executed a Power of Attorney. A clerk verbally attacked Jamie, yelling that she is not pro se and cannot file because she signed the documents, not Plaintiff (audio recorded). The Supreme Court then rejected all filings and sent a letter barring Jamie from contacting or filing with their office, obstructing Plaintiff's appeal and causing further delays and distress.

### V. Causes of Action

13. **Count 1: Violation of Due Process (Minnehaha County)** – Minnehaha County's unlawful 31-day incarceration and 12-hour detention for a medical marijuana violation violated Plaintiff's 14th Amendment rights.

14. **Count 2: Violation of Due Process (Miles)** – Miles, acting under color of state law, violated Plaintiff's 14th Amendment rights by refusing to assist with the appeal, providing false habeas advice, misleading Plaintiff about the appeal's prospects, failing to investigate judicial bias and case details, undermining Plaintiff's efforts with a "no call" remark, ignoring Jamie's suggestion to file for withdrawal, and attempting to coerce Plaintiff into dismissing the appeal with a misleading motion and a false Statement of Informed Consent (Exhibits B, E). These actions delayed relief, directly contributed to Plaintiff's 31-day unlawful incarceration, and caused significant emotional distress.

15. **Count 3: Violation of First and 14th Amendment Rights (Clerk)** – The Clerk's deliberate withholding of the stay response, along with her office's rejection of filings (including the Motion to Recognize Jamie as advocate), rudeness, verbal attack, and bar on Jamie's contact, violated Plaintiff's right to access the courts (First Amendment) and due process (14th Amendment), causing distress and delays.

16. **Count 4: Retaliation for Exercising First Amendment Rights (Clerk)** – The Clerk's office retaliated against Plaintiff by verbally attacking Jamie and barring her from filing or contacting the office, in response to Plaintiff's pro se filings, violating his First Amendment right to petition the government (*Hartman v. Moore*, 547 U.S. 250, 2006).

### VI. Relief Sought

17. Plaintiff requests:

a. Compensatory damages of $230,000 for emotional distress, unlawful incarceration, financial losses, and procedural delays caused by all Defendants' actions (Exhibit C).

b. Punitive damages of $50,000 ($40,000 against Minnehaha County and Miles; $10,000 against the Clerk) for deliberate misconduct.

c. Injunctive relief against Minnehaha County to prevent future violations and against the Clerk to lift the bar on Jamie's filings.

d. Litigation costs under 42 U.S.C. § 1988 and other relief as the Court deems just.

Signed: *[signature]*

Steven Jon Esselink

405 S Main Ave, Hills, MN 56138

**Filed by:** Jamie Leechelle Metcalfe

405 S Main Ave, Hills, MN 56138

mypeopleg@yahoo.com (mailto:mypeopleg@yahoo.com)

Date: June 2, 2025

**Attachments:**

- Exhibit A: Sentencing Transcript (Pages 9, 12, 15–16, March 24, 2025)
- Exhibit B: Motion to Dismiss Appeal and Statement of Informed Consent drafted by Christopher Miles (April 2025)
- Exhibit C: Affidavit of Steven Jon Esselink (notarized, detailing commitment to sobriety, emotional distress, and benefits of softball for rehabilitation)
- Exhibit D: Letter from Supreme Court barring Jamie from filing
- Exhibit E: Video recording of April 4, 2025, meeting with Christopher Miles (transcript available upon request)
- [Audio of verbal attack by Supreme Court clerk available upon request]