UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN JON ESSELINK,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MINNEHAHA COUNTY, CHRISTOPHER MILES, JANE DOE, and SUSAN SABERS,<br><br>　　　　　　Defendants. | 4:25-CV-04093-CBK<br><br>ORDER |

Plaintiff filed a *pro se* complaint on June 2, 2025, against three defendants alleging constitutional violations in conjunction with state court criminal proceedings. He initially filed a motion to proceed without the prepayment of the filing fee but paid the filing fee the following day, abandoning the motion.

Plaintiff filed an amended complaint on June 3, 2025, one day after his initial complaint, adding Judge Susan Sabers as a defendant.

Plaintiff filed a motion to amend the amended complaint on June 9, 2025. Plaintiff sought to add additional South Dakota Supreme Court employee defendants and additional claims. The motion to amend the complaint was granted and he was directed to file a clean copy of the second amended complaint. He did not do so.

Plaintiff has filed yet another motion to amend the complaint. He seeks to add defendants Sara (sic) Thorne, South Dakota Deputy Attorney General, and the South Dakota Attorney General as additional defendants, asserting claims that occurred after the filing of the prior complaints. Plaintiff purports to file this most recent motion "through his Attorney-in-Fact, Jamie Leechelle Metcalfe."

Federal law provides that "parties may plead and conduct their own cases personally *or by counsel*." 28 U.S.C. § 1654 (emphasis supplied). "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented." Fed. R. Civ. P.

11(a). Plaintiff's so-called attorney-in-fact is not an attorney licensed to appear in the United States District Court for the District of South Dakota. She is not permitted to file pleadings on behalf of another person. *See* Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001) (citation omitted) (stating that a non-lawyer has no right to represent another entity in federal court): *see also* Lattanzio v. COMTA, 481 F.3d 137, 139 (2nd Cir. 2007) (noting that 28 U.S.C. § 1654 "does not permit unlicensed laymen to represent anyone else other than themselves").

Now, therefore,

IT IS ORDERED that plaintiff's purported motion, Doc. 8, to amend complaint is denied.

Dated this 26th day of June, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge