UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN JON ESSELINK,<br><br>Plaintiff,<br><br>vs.<br><br>MINNEHAHA COUNTY, CHRISTOPHER MILES, JANE DOE, and SUSAN SABERS,<br><br>Defendants. | 4:25-CV-04093-CBK<br><br>ORDER |

    Plaintiff filed a *pro se* complaint on June 2, 2025, against Minnehaha County, attorney Christipher Miles, and an unnamed clerk of the South Dakota Supreme Court. He paid the filing fee and is not proceeding *in forma pauperis*. Plaintiff's claims arose out of his March 24, 2025, 120-day sentence for third offense driving while intoxicated in South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County, case 49CRI24-007998. Plaintiff contended that defendant Minnehaha County miscalculated credit for time served, allegedly resulting in 31 days of unlawful incarceration between April 21, - May 22, 2025. He also claimed that Minnehaha County unlawfully detained him for 12 hours on a medical marijuana violation. Plaintiff's claims against defendant Miles all arise out of advice and actions taken or not taken in conjunction with plaintiff's appeal of his March 24, 2025 sentence. Plaintiff's claims against the unnamed Clerk at the South Dakota Supreme Court claimed one or another Clerk failed to mail documents to plaintiff, was rude to plaintiff, and refused to file documents signed by plaintiff's advocate. Plaintiff claimed that the foregoing violated his Constitutional rights to Due Process and Access to the Courts.

    One day after filing the initial complaint, plaintiff filed an amended complaint adding South Dakota Circuit Court Judge Susan Sabers as a defendant, alleging that, on June 2, 2025, Judge Sabers obstructed plaintiff's access to the courts by directing the Clerk not to accept the filing signed by plaintiff's advocate. On June 9, 2025, plaintiff

filed a motion to file a second amended complaint, along with a proposed amended complaint. Plaintiff's proposed amended complaint added two additional unnamed Clerks and alleged interference with plaintiff's attempted filings in early June, 2025. The motion to amend was granted. At the Court's direction, the Clerk mailed to plaintiff a copy of D.S.D. LR 15.1, highlighting plaintiff's responsibility to file a clean original of the amended pleading. Plaintiff did not comply.

On June 17, 2025, plaintiff caused to be filed a motion to file a third amended complaint. The motion was signed by plaintiff's "attorney-in-fact." The proposed amendment sought to add as defendants the South Dakota Attorney General and Sara (sic) Thorne, an Assistant Attorney General. Plaintiff's proposed amended complaint added claims arising out of the Attorney General's appellate counsel's refusal to interact with plaintiff's advocate between June 13-16, 2025. The motion to amend was denied June 27, 2025, on the basis that plaintiff can only proceed in federal court with the assistance of an attorney or personally. He is not allowed to have an unlicensed layperson represent him.

Plaintiff has now filed what he captioned as a complaint which names as defendants Minnehaha County, attorneys Ryan Kolbeck and Christopher Miles, Shirley Jameson-Fergel who is alleged to be a Clerk with the South Dakota Supreme Court, four Jane Doe Clerks of Court, Assistant Attorney General Sarah Thorne, a John Doe State's Attorney, and the South Dakota State Bar Association. Plaintiff's claims all arise out of his claims that he was coerced to plead guilty, his attorneys were ineffective, he was denied access to the Courts, judicial bias in his state court criminal proceedings, Due Process violations in conjunction with his conviction, sentence, and appeal, prosecutorial misconduct, and cruel and unusual punishment.

Plaintiff's September 23, 2025, complaint was filed in violation of the Rules of Civil Procedure and without leave of Court. It should be struck. If plaintiff seeks to file a new complaint he must submit it as a new case along with the filing fee. His September 23, 2025, filing should be struck.

Currently pending is the amended complaint filed June 3, 2025. Pro se litigants are not excused from following the Federal Rules of Civil Procedure and the orders of the Court. *See* Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). Plaintiff has failed to file a clean copy of the second amended complaint as required. Plaintiff has failed to effectuate service within 90 days as required by Fed. R. Civ. P. 4(m). Failure to show good cause for failing to serve the complaint will result in dismissal of this case.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's purported complaint, Doc. 11, is struck.
2. Plaintiff shall, on or before October 10, 2025, show good cause for failing to effectuate service of process. Failure to do so will result in dismissal of this case.

Dated this 26th day of September, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge